IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL LEE STROPE (a/k/a Gordon Strope) and ALAN KINGSLEY, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 06-3150-JWL |
| JIM COLLINS, et al., ) ) | |
| Defendants. ) | |

# ORDER

This prisoner civil rights case comes before the court on the motion of the *pro se* plaintiff, Alan W. Kingsley, for leave to serve discovery out of time **(doc. 94)**. The defendants, Jim Collins, David R. McKune, and William Cummings, have filed a response (doc. 95). Plaintiff has filed a "supplement" to his motion which the court construes as his reply (doc. 98). For the reasons stated below, plaintiff's motion is denied.

On August 10, 2007, the court entered a scheduling order (doc. 61) setting a deadline of January 30, 2008 to complete discovery. During the final pretrial conference held on February 19, 2008, all of the parties, including plaintiff, agreed discovery was complete. Then, on February 29, 2008, plaintiff filed the instant motion seeking leave to serve interrogatories on defendants Collins and McKune. Plaintiff argues that he prepared the interrogatories in November 2007, but during that same time was moved from a maximum security facility to a medium security one. He claims he thought he had mailed the interrogatories to defendants Collins and McCune, but on February 24, 2008 discovered he

O:\ORDERS\06-3150-JWL-94.wpd

had in fact not mailed them. Plaintiff seeks leave to serve them at this time, asserting defendants have time to answer them before trial which is scheduled for August 5, 2008.

Under D. Kan. Rule 6.1(a), a motion for an extension of time to perform an act "will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect."[1] The excusable neglect standard is higher, i.e., harder to meet, than the good cause standard applied when a motion for extension of time is filed before the expiration of the time period at issue.

Plaintiff has failed to make the requisite showing of excusable neglect. The court appreciates there may have been some disruption to plaintiff in the handling of this case during his move from one facility to another, including plaintiff believing he had mailed interrogatories to defendants when he had not. However, if plaintiff believed he had sent these interrogatories to defendants in November, he should have expected receiving their answers in early December. There is no indication by plaintiff that he ever contacted defendants, at any time, to inquire as to why they had not responded to the interrogatories. Had plaintiff done so, there would have been time for plaintiff to re-serve the interrogatories and for defendants to respond prior to the January 30, 2008 discovery deadline.

Perhaps most importantly, the court is strongly of the view that, during the pretrial conference on February 19, 2008, when the court and the parties were discussing whether all discovery had been completed, plaintiff should have raised the issue of never having

---

[1] *See also* Fed. R. Civ. P. 6(b).

received answers from defendants to the interrogatories he thought he served in November. Plaintiff did not.

Discovery has been closed for more than one month. The final pretrial conference has been held and both sides have filed their motions for summary judgment (docs. 96 and 99). The court finds that to allow plaintiff to essentially reopen discovery at this time would be prejudicial to defendants and disruptive of the schedule earlier set by the court.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. The above-referenced motion **(doc. 94)** is denied.

2. Copies of this order shall be mailed by regular mail to *pro se* plaintiffs.

Dated this 13th day of March, 2008 at Kansas City, Kansas.

    s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge